Debby **SCHUMACHER**, Appellant,

v.

The **NORTH DAKOTA WORKERS COMPENSATION BUREAU**, Appellee,

and

**Rebel's Repair, Inc., Respondent.**

**Civ. No. 950045.**

Supreme Court of North Dakota.

Aug. 29, 1995.

Kathryn L. Dietz, of Dietz & Little, Bismarck, for appellant.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee.

NEUMANN, Justice.

Debby Schumacher has appealed a judgment affirming an order of the Workers Compensation Bureau dismissing her claim for benefits because she was a corporate officer for whom coverage had not been elected. We conclude Schumacher was a covered employee, reverse the judgment, and remand for further proceedings.

Schumacher was a part-time bookkeeper for Rebel's Repair, Inc., an automobile repair business. Schumacher's duties were to "pay bills, get mail, do deposits, etc." Rebel's Repair, Inc., paid Schumacher $2,685 in 1992. Although not an owner of Rebel's Repair, Inc., Schumacher was made a vice president in March 1993. On May 5, 1993, Frank R. Rebel, President of Rebel's Repair, Inc., executed a form indicating that optional workers compensation insurance coverage was not desired for Rebel or Schumacher.

Schumacher injured her left wrist in a work-related fall on December 17, 1993. Schumacher filed a timely claim for benefits. The Bureau initially accepted the claim and paid benefits. Upon learning Schumacher was an officer of Rebel's Repair, Inc., and optional corporate officer coverage had not been elected, the Bureau revoked its award of benefits and dismissed Schumacher's claim. The district court affirmed the Bureau's order and Schumacher appealed.

Section 65–01–05, N.D.C.C., requires employers to secure workers compensation insurance coverage for nearly all nonagricultural employees. Coverage is not required for employers, who may, however, elect optional coverage under § 65–07–01, N.D.C.C.

Section 65–01–02, N.D.C.C., defines employees and employers:

"15. 'Employee' means every person engaged in ... [covered] employment under any appointment, contract of hire, or apprenticeship, ...

"16. 'Employer' means:

\* \* \*

"f. The president, vice presidents, secretary, or treasurer of a business corporation, ..."

The definition of employee specifically excludes "members of the board of directors of a business corporation who are not employed in any capacity by the corporation other than as members of the board of directors." Section 65–01–02(15)(b)(5), N.D.C.C. The definition of an employee does not specifically exclude corporate officers. The definition of an employer does not specifically exclude employees. Thus, a person could fall within the definitions of both employee and employer.

The Bureau contends Schumacher lost her status as a covered employee when she became a vice president of Rebel's Repair, Inc., thereby becoming an employer for whom there was no workers compensation insurance coverage unless optional coverage was elected under § 65–07–01, N.D.C.C. Because Rebel's Repair, Inc., did not elect to secure optional employer coverage, the Bureau contends Schumacher is not entitled to benefits for a work-related injury. Schumacher, on the other hand, contends that her bookkeeping duties for Rebel's Repair, Inc., constitute covered employment, making her an employee entitled to workers compensation insurance benefits for a work-related injury.

A statute is ambiguous if it is susceptible of differing rational interpretations. *Kallhoff v. North Dakota Workers' Compensation Bureau*, 484 N.W.2d 510 (N.D.1992). We may resort to extrinsic aids to construe an ambiguous statute. *Id.* When a statute is ambiguous, it is our duty to ascertain the Legislature's intent in enacting the statute. *Id.* The interpretations of the statutory definitions of employees and employers posited

by the Bureau and by Schumacher are different, and both are reasonable.

■ Prior to 1981, an "employee" meant "every person engaged in ... [covered] employment," but did not include

"Any executive officer of a business concern ... mean[ing] only the president, vice presidents, secretary, or treasurer of a business corporation whose duties are solely those of such executive office, and if an executive officer also performs duties of a kind generally performed by an employee, such employment is not exempt."

Section 65–01–02(5) (1979 Supp.). Thus, a corporate president, vice president, secretary, or treasurer was exempt from workers compensation insurance coverage unless that person also performed duties generally performed by an employee, in which case the person was covered.

In 1981, the Legislature adopted the present definitions of employee and employer and the present scheme of requiring coverage for employees, and not requiring coverage for employers, but allowing employers to elect optional coverage. *See* S.L.1981, ch. 639 (House Bill 1183, which was introduced at the request of the Bureau). The Drafter's Notes to the bill said:

"At the present time, executive officers of business concerns are not required to obtain coverage unless that officer 'also performs duties of a kind generally performed by an employee.' However, attempting to determine whether an executive officer does or does not perform work generally performed by an employee is often extremely difficult. Furthermore, many such officers receive no remuneration or minimal remuneration for such activities. Therefore, determining a premium is also very difficult. Finally, many employers have incorporated and listed themselves as officers of the corporation. And, like other employers, they do not feel they should be required to obtain coverage. Therefore, those officers have been removed from the

section specifying that they are not employees; have been placed into the section indicating they are employers, thus, allowing them to obtain optional coverage as specified in Section 65–07–01, the last section of this Bill. All corporate officers, then, may obtain optional coverage but will not be required to do so."

The Bureau cited three problems with the pre–1981 statutes: (1) difficulty in determining if a corporate executive officer performs work generally performed by employees;[1] (2) difficulty in determining premiums;[2] and (3) "many employers have incorporated and listed themselves as officers of the corporation. And, ..., they do not feel they should be required to obtain coverage." The solution proposed by the Bureau was to remove corporate officers "from the section specifying that they are not employees," and place them "into the section indicating they are employers," so that "[a]ll corporate officers, then, may obtain optional coverage but will not be required to do so."

■ From the tenor of the Bureau's explanation of the statutory changes made in 1981, it is apparent the Bureau's purpose and the Legislature's intent was to exclude business owners who incorporated and named themselves as corporate officers from mandatory workers compensation insurance coverage and to provide them the opportunity to elect optional coverage if they chose to do so. The Legislature did not intend to exclude from mandatory workers compensation insurance coverage a person like Schumacher, who, although invested with a corporate officer's title, was a wage earner engaged in covered employment with no ownership interest in the corporation. We conclude that, at the time of her work-related injury, Schumacher was an employee for whom workers compensation insurance coverage was required.

■ A major purpose of the workers compensation insurance system was to eliminate litigation of liability for work-related injuries. Section 65–01–01, N.D.C.C. Acceptance of the Bureau's position would allow Schumach-

---

1. It is not difficult to determine that Schumacher's duties—"pay bills, get mail, do deposits, etc."—were "of a kind generally performed by an employee."

2. There would be no difficulty in determining a premium for Schumacher, as she was paid $2,685 in 1992, the year before she became a vice president.

er to sue her employer. The Bureau's position could also severely undercut the nearly universal coverage sought by the Legislature through its broad definition of employee, because corporations could remove employees from workers compensation insurance coverage simply by designating them as vice presidents without changing their duties.

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.